Mark Brnovich
Attorney General

James Driscoll-MacEachron (027828)
Kara M. Karlson (029407)
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax: (602) 542-8308
james.driscoll-maceachron@azag.gov
kara.karlson@azag.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Libertarian Party and Michael Kielsky, <br><br> Plaintiffs, <br><br> vs. <br><br> Michele Reagan, <br><br> Defendant. | Case No: CV-16-01019-PHX-DGC <br><br> **ANSWER OF DEFENDANT ARIZONA SECRETARY OF STATE MICHELE REAGAN** |

Defendant Secretary of State Michele Reagan for her answer to the Verified Complaint admits and denies the allegations as follows. Any allegation not specifically admitted is denied.

1. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 1, and therefore denies the same.

2. The Secretary admits that Michael Kielsky was on the general election ballot as a presidential elector in 2008 and 2012. The Secretary denies that Michael

Kielsky appeared on Arizona's general election ballot in 2010. The Secretary lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 2, and therefore denies the same.

      3.      The Secretary admits that she is chief election Officer for Arizona and that her business address is Office of the Secretary of State, Elections Division, 1700 West Washington Street, 7th Floor, Phoenix, Arizona, 85007-2808. To the extent that paragraph 3 attempts to characterize the Secretary's statutory duties, the statutes setting out those duties speak for themselves.

      4.      The Secretary admits that venue is proper.

      5.      The Secretary admits that this Court has subject matter jurisdiction.

      6.      To the extent that paragraph 6 attempts to characterize A.R.S. § 16-801(A), the statute speaks for itself.

      7.      To the extent that paragraph 7 attempts to characterize A.R.S. § 16-801 and A.R.S. § 16-804, those statutes speak for themselves.

      8.      To the extent that paragraph 8 attempts to characterize A.R.S. § 16-804, that statute speaks for itself.

      9.      To the extent that paragraph 9 attempts to characterize A.R.S. § 16-301, A.R.S. § 16-302, and A.R.S. § 16-804(A), those statutes speak for themselves.

      10.     To the extent that paragraph 10 attempts to characterize A.R.S. § 16-311 and A.R.S. § 16-314, those statutes speak for themselves.

      11.     To the extent that paragraph 11 attempts to characterize A.R.S. § 16-321 and A.R.S. § 16-322, those statutes speak for themselves.

      12.     To the extent that paragraph 12 attempts to characterize A.R.S. § 16-321 as it existed prior to being amended in 2015, that statute speaks for itself.

      13.     To the extent that paragraph 13 attempts to characterize A.R.S. § 16-322 as it existed prior to being amended in 2015, that statute speaks for itself.

14. To the extent that paragraph 14 attempts to characterize A.R.S. § 16-322 as it existed prior to being amended in 2015, that statute speaks for itself.

15. To the extent that paragraph 15 attempts to characterize A.R.S. § 16-321, that statute speaks for itself.

16. To the extent that paragraph 16 attempts to characterize A.R.S. § 16-322, that statute speaks for itself.

17. The Secretary admits that HB 2608 amended A.R.S. §§ 16-321 and -322. The remaining allegations in paragraph 17 refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

18. The Secretary admits that in March 2016, she published signature requirements for partisan candidates pursuant to Sections 16-321 and 16-322. The remaining allegation in paragraph 18 refers to an exhibit attached to the Complaint. The exhibit speaks for itself. The Secretary further avers that her office updated the signature requirements on May 18, 2016. The signature requirements are available by following the links for Running for Federal Office, Running for Statewide Office, and Running for Legislative Office at http://www.azsos.gov/elections/running-office.[1]

19. The Secretary denies that a Libertarian candidate for the U.S. Senate or statewide office needed to submit 134 signatures in 2014. Subject to footnote 1, the Secretary admits that, in March 2016, the Secretary's website listed 3,203 as the signatures necessary for a Libertarian candidate for the U.S. Senate or statewide office. Paragraph 19 also characterizes A.R.S. §§ 16-321 and -322. Those statutes speak for themselves. The remainder of the paragraph calls for a legal conclusion to which no response is required.

---

[1] The signature requirements as modified on May 18, 2016 differ slightly from the signature requirements referenced in the Complaint.

20. Subject to footnote 1, the Secretary admits that, in March 2016, the Secretary's website listed minimum signature requirements for congressional candidates that, depending on the congressional district varied from 527 to 782 signatures. The Secretary denies the remainder of the paragraph.

21. The Secretary admits that a Libertarian candidate in Legislative District 1 had to gather 235 signatures in 2016 and that a Libertarian candidate in Legislative District 5 had to gather 243 signatures in 2016. The Secretary denies the remainder of the paragraph.

22. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies the same. The allegations in paragraph 22 also refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

23. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies the same. The allegations in paragraph 23 also refer to external Internet pages. The external Internet pages speak for themselves.

24. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies the same. The allegations in paragraph 24 also refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

25. The Secretary admits the number of voters registered with each party as of January 1, 2016. The remaining allegation calls for a legal conclusion to which no response is required.

26. The Secretary admits that, in 2014, a Democratic candidate for U.S. Senate had to submit 4,804 signatures and that a Republican candidate for U.S. Senate had to submit 5,651 signatures. Subject to footnote 1, the Secretary admits that, as of March

2016, the Secretary's website listed the necessary number of signatures for a Democratic candidate for U.S. Senate as 5,341 and the necessary number of signatures for a Republican candidate for U.S. Senate as 5,790.

27. The Secretary admits that, in 2014, a Democratic candidate for Congressional District 1 had to submit 1,395 signatures and that a Republican candidate for Congressional District 1 had to submit 1,117 signatures. Subject to footnote 1, the Secretary admits that, as of March 2016, the Secretary's website listed the necessary number of signatures for a Democratic candidate for Congressional District 1 as 1,323 and the necessary number of signatures for a Republican candidate for Congressional District 1 as 1,196. The remainder of the paragraph calls for a legal conclusion.

28. The Secretary admits that the signature requirements for Democratic candidates in LD2, 3, 4, 7, 9, 10 and Republican candidates in LD1, 5, 6, 9, 10, 12, 13, 15, 17, 18, 22, 23, 25, and 28 are lower in 2016 than they were in 2014. Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Republican candidate in LD11 was one signature less than the signature requirement in 2014. The Secretary admits that the signature requirement for a Republican candidate in LD27 more than doubled between 2014 and 2016. The Secretary admits that the signature requirement for Libertarian candidates increased between 2014 and 2016 but cannot verify the percentages in paragraph 28.

29. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore denies the same.

30. The Secretary admits that the Green Party is a recognized Party in Arizona under A.R.S. § 16-801. To the extent that paragraph 30 attempts to characterize A.R.S. §§ 16-322, -801, and -804, those statutes speak for themselves.

31. Paragraph 31 calls for a legal conclusion to which no response is required. To the extent that paragraph 31 attempts to characterize A.R.S. § 16-321 and A.R.S. § 16-322, those statutes speaks for themselves.

32. The allegations in paragraph 32 refer to exhibits attached to the Complaint, and those exhibits speak for themselves. To the extent that this paragraph attempts to characterize A.R.S. § 16-322, that statute speaks for itself. The remainder of the paragraph calls for legal conclusions to which no response is required.

33. The Secretary admits that Kim Allen was the Libertarian Candidate for CD1 in 2012. The Secretary also admits that he received 15,227 votes. Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Libertarian candidate in CD1 was 636 and the signature requirement listed on the Secretary's website for a Libertarian candidate in LD11 was 220. The Secretary denies the percentage included in paragraph 33. Paragraph 33 also refers to an exhibit attached to the Complaint. The exhibit speaks for itself.

34. The Secretary admits that Rick Fowlkes was a Libertarian Candidate for the Arizona Corporation Commission in 1988, 2004, 2006, and 2010. Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a candidate for the Arizona Corporation Commission was 3,023. The Secretary admits the percentage in paragraph 34. The allegations in paragraph 34 also refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

35. The Secretary admits that Ernest Hancock was a Libertarian candidate for U.S. Senate in 2004. The Secretary admits that Ernest Hancock was a Libertarian candidate for Secretary of State in 2006. The Secretary admits that Ernest Hancock has been a Libertarian candidate for the U.S. House of Representatives at least once. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of whether Ernest Hancock ran for Maricopa County Recorder. Subject to footnote 1, the

Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a candidate for statewide office was 3,023. The Secretary also admits the percentage in paragraph 35. The remaining allegations in paragraph 35 refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

36. The Secretary admits that Jack Heald received 12,857 votes for state representative in 2006. Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Libertarian candidate for CD9 in 2016 was 675. The Secretary denies the remaining allegations in paragraph 36. To the extent that the allegations in paragraph 36 refer to an exhibit attached to the Complaint, the exhibit speaks for itself.

37. The Secretary admits that Michael Kielsky was the Libertarian candidate for CD5 in 2004. The Secretary admits that Michael Kielsky was the Libertarian candidate for LD25 in 2014. The Secretary denies that Michael Kielsky received more than 25% of the votes in the general election in either 2004 or 2014. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding county elections in paragraph 37 and therefore denies the same. The allegations in paragraph 37 also refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

38. The Secretary admits that Christopher Rike was the Libertarian Candidate for CD4 in 2014. The Secretary denies that Christopher Rike received a total of 2,531 votes in 2014. Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Libertarian candidate for CD4 in March 2016 was 717. The Secretary denies the percentage given for CD4 in paragraph 38. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained paragraph 38, and therefore denies

the same.  To the extent that paragraph 38 refers to an exhibit attached to the Complaint, the exhibit speaks for itself.

39.  The Secretary admits that David Schlosser was the Libertarian candidate for CD1 in 2006 and that he received approximately 5% of the vote.  Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Libertarian candidate for CD1 was 636.  The Secretary denies the percentage in paragraph 39.  The allegations in paragraph 39 also refer to an exhibit attached to the Complaint.  The exhibit speaks for itself.

40.  Subject to footnote 1, the Secretary admits that, as of March 2016, the signature requirement listed on the Secretary's website for a Libertarian candidate for CD6 was 782.  The Secretary denies the remaining allegations in paragraph 40.  The allegations in paragraph 40 also refer to an exhibit attached to the Complaint.  The exhibit speaks for itself.

41.  The allegations in paragraph 41 refer to exhibits attached to the Complaint.  The exhibits speak for themselves.  To the extent that paragraph 41 attempts to characterize A.R.S. § 16-322, that statute speaks for itself.  The remainder of the paragraph calls for legal conclusions and presents speculation to which no response is required.

42.  The allegations in paragraph 42 refer to exhibits attached to the Complaint.  The exhibits speak for themselves.  To the extent that paragraph 42 attempts to characterize A.R.S. § 16-322, the Secretary denies those characterizations.  The remainder of the paragraph calls for legal conclusions and presents speculation to which no response is required.

43.  The Secretary denies the allegations in paragraph 43.  To the extent that the allegations in paragraph 43 refer to an exhibit attached to the Complaint, the exhibit speaks for itself.

44. To the extent that paragraph 44 attempts to characterize the court decisions in *Arizona Libertarian Party v. Bayless*, 351 F.3d 1277 (9th Cir. 2003) and *Arizona Libertarian Party v. Brewer*, No. 02-144-TUC-RCC (D. Az. Sept. 27, 2007) (unpublished order), those decisions speak for themselves.

45. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 45, and therefore denies the same. The allegations in paragraph 45 refer to exhibits attached to the Complaint. The exhibits speak for themselves.

46. The allegations in paragraph 46 call for legal conclusions and speculation that require no response. To the extent that a response is required, the Secretary denies the same. To the extent that paragraph 46 attempts to characterize A.R.S. § 16-322 and A.R.S. § 16-804(B), those statutes speak for themselves. The remaining allegations in this paragraph refer to an exhibit attached to the Complaint. The exhibit speaks for itself.

47. To the extent that paragraph 47 attempts to characterize A.R.S. § 16-804(B) and A.R.S. § 16-801, those statutes speak for themselves. Paragraph 47 also contains legal conclusions, to which no response is required. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained paragraph 47, and therefore denies the same. Paragraph 47 also refers to an exhibit attached to the Complaint. The exhibit speaks for itself.

48. Paragraph 48 states a position to which no response is required. To the extent a response is required, the Secretary denies the allegations in this paragraph.

49. Paragraph 49 calls for a legal conclusion to which no response is required.

50. Paragraph 50 calls for a legal conclusion to which no response is required.

51. Paragraph 51 calls for a legal conclusion to which no response is required.

52. Paragraph 52 states a position to which no response is required. To the extent a response is required, the Secretary denies the allegations in this paragraph.

53. Paragraph 53 calls for a legal conclusion to which no response is required.

54. Paragraph 54 calls for a legal conclusion to which no response is required.

55. Paragraph 55 calls for a legal conclusion to which no response is required.

56. Paragraph 56 states a position to which no response is required.  To the extent a response is required, the Secretary denies the allegations in paragraph 56.

57. Paragraph 57 calls for a legal conclusion to which no response is required.

58. Paragraph 58 calls for a legal conclusion to which no response is required.

59. Paragraph 59 calls for a legal conclusion to which no response is required.

60. Paragraph 60 states a position to which no response is required.  To the extent a response is required, the Secretary denies the allegations in paragraph 60.

61. To the extent that paragraph 61 attempts to characterize A.R.S. § 16-321 and A.R.S. § 16-322, those statutes speak for themselves.

62. The allegation in paragraph 62 calls for unverified factual speculation, and the Secretary therefore denies the same.

63. To the extent that paragraph 63 attempts to characterize A.R.S. § 16-322 and A.R.S. § 16-801, those statutes speaks for themselves.  Paragraph 47 also contains legal conclusions, to which no response is required.

64. To the extent that paragraph 64 attempts to characterize A.R.S. § 16-321 and A.R.S. § 16-322, those statutes speak for themselves.

65. Paragraph 65 calls for a legal conclusion to which no response is required.

66. Paragraph 66 calls for a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

A. Plaintiff's claim is barred by laches.

B. At the time of this Answer, the Secretary does not know which, if any, additional affirmative defenses may be supported by facts that may become

available at a later date. The Secretary reserves the right to raise additional affirmative defenses should relevant information become available.

WHEREFORE, having fully answered the Complaint, the Secretary prays for:

1. Dismissal of the Complaint with prejudice.

2. Entry of judgment in favor of the Secretary and that Plaintiff takes nothing as a result thereof, including declaratory or injunctive relief.

3. Plaintiff to take nothing in the form of attorneys' fees or taxable costs from the Secretary.

4. Any other relief this Court deems appropriate.

Respectfully submitted this 1st day of July, 2016.

>Mark Brnovich
>Attorney General
>
> s/ James Driscoll-MacEachron
>James Driscoll-MacEachron
>Kara M. Karlson
>Assistant Attorneys General
>Attorneys for Defendant

I certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter this this <u>1st</u> day of <u>July</u>, <u>2016</u>.

**COPY** of the foregoing mailed this <u>1st</u> day of <u>July</u>, <u>2016</u> to:

Oliver B. Hall
Center for Competitive Democracy
1835 16th St. NW, #5
Washington, DC  20009
Attorney for Plaintiffs

 s/ Maureen Riordan

#5156434 v2