MARK BRNOVICH
Firm Bar No. 014000
Attorney General

Kara M. Karlson (No. 029407)
Joseph E. La Rue (No. 031348)
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax:  (602) 542-8308
kara.karlson@azag.gov
joseph.larue@azag.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Libertarian Party and Michael Kielsky,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Michele Reagan,<br><br>　　　　　　Defendant. | Case No:  CV-16-01019-PHX-DGC<br><br>**FIRST DECLARATION OF JOSEPH E. LA RUE** |

PURSUANT TO 28 U.S.C. § 1746, I, Joseph E. La Rue, declare as follows:

1. I am an Arizona Assistant Attorney General, working in the Solicitor General's Office.

2. I am one of the attorneys representing the Arizona Secretary of State Michele Reagan in this matter.

3. I have personal knowledge as to the matters about which I offer testimony in this Declaration.

4. On Monday, April 17, 2017, while reviewing the Plaintiffs' Motion for Summary Judgment, Doc. 63 (the "Motion"), I noticed that portions of it relied upon

1  new declarations from new declarants who had not been previously disclosed as
2  witnesses to the Secretary or her attorneys.
3      5.   Those new declarants were: Kevin McCormick, Merissa Hamilton, James
4  Iannuzo, Michael Shipley, Robert Pepiton, and Nolan Daniels (the "Challenged
5  Declarants").  They were identified by name in the Plaintiffs' motion, Motion at 2, were
6  relied upon as testifying witnesses in the Plaintiffs' memorandum of points and
7  authorities, Motion at 8, 10-11, and included in Plaintiffs' Statement of Facts in Support
8  of Motion for Summary Judgment, Doc. 64 at ¶¶ 7, 11, 14, 18-22 ("Statement of Facts").
9      6.   In addition, the Plaintiffs submitted a new declaration from Plaintiff
10 Michael Kielsky.  That submission was not, in my opinion, improper, because Mr.
11 Kielsky had been identified as a witness (since he was a plaintiff), and so the Secretary
12 had opportunity to depose him (which, in fact, she did).
13     7.   I also noticed a statement in the Motion, supported only by a declaration
14 from Plaintiff Michael Kielsky, that appeared to me to be hearsay.  Motion at 10.
15     8.   That statement from Mr. Kielsky attested to the efforts of someone other
16 than himself to obtain ballot access.  It was very specific, in that it identified both how
17 many days the other candidate labored at his ballot access efforts, and also how much of
18 his time he devoted during those days to those efforts.  *Id*.  This specificity caused me to
19 question whether Mr. Kielsky could possibly have personal knowledge of the events
20 about which he was offering testimony.
21     9.   I discussed these matters with my colleague and co-counsel, Kara M.
22 Karlson, Esq., who is also counsel for the Secretary in this matter.
23     10.  We determined that we should contact opposing counsel, Oliver Hall, Esq.,
24 and discuss the matter with him.
25     11.  Ms. Karlson and I spoke by telephone with Mr. Hall on April 18, 2017.
26     12.  During that telephone conversation, I expressed my opinion to Mr. Hall
27 that the Plaintiffs had not provided the Secretary with notice that they intended to use
28

1  testimony from the Challenged Declarants, as Rules 26(a) and 37(c) require.  I further
2  expressed my opinion that the declarations of the Challenged Declarants were therefore
3  improper, and the Plaintiffs could not rely upon their testimony.
4     13.   I also expressed my opinion to Mr. Hall that submitting the declarations
5  from the Challenged Declarants, and relying upon their testimony to support the Motion,
6  was prejudicial to my client, since the witnesses had not been disclosed pursuant to Fed.
7  R. Civ. P. 26(a), and as a result my client was not provided opportunity to depose the
8  Challenged Declarants, probe the veracity of their testimony, or obtain rebuttal
9  witnesses.
10    14.   I further expressed my opinion to Mr. Hall that Mr. Kielsky's testimony
11 about the efforts of another candidate was inadmissible hearsay.
12    15.   I identified to Mr. Hall each of the statements contained in the MSJ that
13 were supported only by testimony from the Challenged Declarants.
14    16.   I also identified to Mr. Hall the exact portion of the statement in the MSJ
15 that I believed constituted hearsay.
16    17.   I asked Mr. Hall to voluntarily strike the identified portions.
17    18.   Mr. Hall disagreed with my assessment, and declined to voluntarily strike
18 the portions.
19    19.   I then informed Mr. Hall that I intended to file a motion to strike, and
20 asked him his position regarding that motion.
21    20.   Mr. Hall indicated that he opposed the motion.
22    21.   I subsequently sent Mr. Hall an email, memorializing our phone
23 conversation.  A true and correct copy of that email, and Mr. Hall's response, is attached
24 as Exhibit 1.
25    22.   A true and correct copy of Plaintiffs' Statement of Initial Disclosures,
26 which Plaintiffs served on the Secretary on July 27, 2016, is attached as Exhibit 2.  This
27 is the only disclosure statement Plaintiffs have provided.
28

1    23. A true and correct copy of an additional email from Oliver Hall to Joseph
2 La Rue, also sent on April 18, 2017, is attached as Exhibit 3.
3    24. A true and correct copy of the document containing the list of names of
4 Arizona Libertarian Party candidates, which the Plaintiffs provided the Secretary in
5 response to the Secretary's First Set of Interrogatories to Plaintiff Arizona Libertarian
6 Party, Interrogatory No. 1, is attached as Exhibit 4.  I personally reviewed this document
7 when the Plaintiffs provided it as a web link in response to the Secretary's
8 Interrogatories, and attest that it is the same document that I was provided.
9    25. A true and correct copy of Defendant Arizona Secretary of State Michele
10 Reagan's First Set of Interrogatories to Plaintiff the Arizona Libertarian Party is attached
11 as Exhibit 5.  I personally helped prepare these Interrogatories and attest that this is an
12 exact copy of the document that was served upon the Plaintiffs.
13    26. A true and correct copy of an email from Oliver Hall to Joseph La Rue,
14 sent on March 17, 2017, which provided a URL (i.e., web-link) address to a google
15 document containing the names and contact information for those who were interested in
16 running as Libertarian candidates during the 2016 election, is attached as Exhibit 6.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2017.

          s/ Joseph E. La Rue
          Joseph E. La Rue
          Assistant Attorney General
          1275 West Washington Street
          Phoenix, Arizona 85007
           *Attorney for Defendant Michele Reagan,*
           *Arizona Secretary of State*

I certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter this 19th day of April, 2017.

 s/ Maureen Riordan

#5897986-v1